### In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

1. EMINENT DOMAIN—ASSESSMENT OF DAMAGES—DECISION OF COMMISSIONERS —APPEAL.

   Where commissioners appointed to assess damages for the taking of land for a street are authorized to view the premises, their determination as to damages will not be overthrown unless it clearly appears that they have adopted an erroneous principle, or have been improperly moved in reaching their decision.

2. SAME—FRONT-FOOT RULE.

   In assessing damages for the taking of land under Laws 1899, p. 458, c. 257, providing for the widening of Clinton avenue, it was proper to assess the damages according to frontage, irrespective of whether the property was improved or not.

3. SAME—BENEFITS.

   It was also proper to assess benefits in the same way.

4. SAME—IMPROVEMENT OF STREET.

   Where the owner of land abutting on a street held under a deed restricting him for a period of 30 years from building nearer than 20 feet to the traveled portion of the street, the condemnation of a strip 20 feet wide along the entire distance of the street for the purpose of beautifying the same was a benefit to the property of the owner mentioned.

Appeal from Special Term.

Proceeding by the city of New York to acquire title to certain property for the widening of Clinton avenue, in the borough of Brooklyn. From an order confirming the report of commissioners of estimate and assessment, Horace F. Hutchinson appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and HOOKER, JJ.

William C. Beecher, for appellant.

J. Hampden Dougherty, for respondent property owners.

John P. Dunn, Asst. Corp. Counsel, for City of New York.

Jesse Johnson, pro se.

Alvan R. Johnson, for respondents Charles Pratt's Estate and others.

WOODWARD, J.   In 1899 the Legislature of this state, by chapter 257, p. 458, of the Laws of that year, entitled "An act in relation to Clinton avenue, in the borough of Brooklyn, in the city of New York," enacted that:

"The boundaries of Clinton avenue in the borough of Brooklyn and city of New York, are hereby so changed, that between Gates avenue and Willoughby avenue the easterly side or line of said Clinton avenue shall be twenty feet east of its present easterly side or line, and its westerly side or line shall be twenty feet west of its present westerly side or line.  The two strips of land hereby added to said avenue shall not be added to its traveled portion, but shall be reserved and preserved as ornamental court-yards for the benefit and improvement of said avenue."

The constitutionality of this act was challenged by certain property owners, but this court held (Matter of Clinton Avenue, 57 App. Div. 166, 68 N. Y. Supp. 196) that it was open to none of the objections there urged, and this view of the case was subsequently sustained by the Court of Appeals (167 N. Y. 624, 60 N. E. 1108). After the determination of the appeals the commissioners of estimate and assessment proceeded to their work, and determined the amount of damage to each piece of property along the avenue within the limits fixed by the statute, and apportioned the assessment upon the property benefited within the assessment district; and while a large number of pieces of property, belonging to numerous individuals, were involved, only a single person appeals from the determination.  It is true, of course, if the rights of this person have been infringed, he is entitled to a remedy, although he stands alone.   Unless the appellant is prepared to point out some error in principle, or some irregularity going to the merits of the question, a result lawful in its general scope and generally satisfactory will not be disturbed merely because this court, looking at the record evidence, might think a more equitable adjustment might have been reached.   The commissioners are authorized to view the premises, and the rule is too well established to need the citation of authorities that, where commissioners are thus empowered, their determination will not be overthrown, unless it clearly appears that they have adopted an erroneous principle, or have been improperly moved in reaching their decision.

While it does not appear directly, the inference is irresistible that chapter 257 of the Laws of 1899 merely put into statutory form, for the purpose of making permanent and certain, a result which had been very largely accomplished by private agreement and covenants in deeds.   That is, a considerable majority of the people living along this portion of Clinton avenue had voluntarily elected to restrict the building line to 20 feet from the actual street line, and the appellant's deed, which appears in evidence, shows that this

land is subject to such a restriction for a period of 30 years from 1882, expiring in 1912. It may be assumed that this legislation was procured by private individuals, and for the purpose of protecting those who had thus relinquished a portion of their premises to the public—for this was its effect—against those who might in the future be moved to make use of their entire holdings, to the great damage of those who had previously made sacrifices to the æsthetic tastes of the community. For instance, the appellant, who owns an unimproved lot, might, at the expiration of the 30 years, construct a building upon his lot to its full limit, thus materially injuring his neighbor who has constructed a residence upon the customary line. To perpetuate the voluntary improvement in that portion of the city, and to take it out of the power of any individual to defeat the common purpose, the owners of property on Clinton avenue elected to ask the Legislature, in effect, to permit the city of New York to accept a limited dedication of a portion of their property, and to acquire by condemnation, where necessary, such further property as should be necessary to carry out the general purpose of developing a higher utility in this thoroughfare. The Legislature has acted upon this proposition, and has given the necessary authority. The courts have sanctioned this act as within the constitutional powers of the Legislature, and the commissioners have discharged their duty in such a manner as to command the approval or acquiescence of every property owner, with one exception; and we are now to determine whether his rights have been invaded.

We gather from the record—what the appellant contends—that the commissioners, in fixing the damages sustained by the various property owners, adopted the foot frontage as the basis of calculation; allowing the inside properties, each of which was limited in its use of 20 feet in the manner prescribed by the statute, $10 per running foot, while the corner properties were allowed $15 per running foot. Is this an erroneous principle for fixing the damages sustained? Each property was obliged to make the same surrender of dominion in proportion to its frontage, unless it had previously been built upon, as provided in the statute, and how can it be said that the sacrifice was any greater in the case of a lot without a building upon it than in the case of one with a building? It was not the taking of a fee. It was not the taking of the applicant's front, and leaving him at the mercy of his neighbors, who might build him into a pocket. It was merely a taking of a very limited interest in the 20 feet of the appellant's frontage, and giving to him, in effect, an easement in the frontage of every piece of property on either side of Clinton avenue between the points mentioned in the statute; it was a dedication to beauty and to art, not alone of the appellant's frontage, but of every other frontage in the district mentioned; and it is difficult to understand how a more equitable rule could have been adopted than that which was made use of by the commissioners in estimating the damages. It certainly was not an erroneous principle, if, in the judgment of the commissioners, this was the best method of reaching the damages. Donovan v.

City of Oswego, 90 App. Div. 397, 400, 401, 86 N. Y. Supp. 155, and authorities there cited.

But it is urged that, if the method of ascertaining the damages was right, it was wrong to assess the benefits upon the foot-frontage plan. The commissioners were obliged to assess the cost of the improvement upon the property benefited, and it would be very doubtful if they could go beyond the limits of this character of improvement, and hold property to be benefited. The same reasoning which would justify the commissioners in estimating damages by the foot front would seem to warrant a like assessment of the cost, which would result, of course, in practically holding that the benefits were equal to the damages, with the added costs of the proceedings necessary to bring about the result; and this is what has been done in the present case. If the commissioners had held that the damages were merely nominal, and had charged the properties with the expenses of the proceedings, we are of opinion that no one would have been wronged; and we cannot see that the case is different because the commissioners chose to fix a definite foot frontage damage, and then to assess the same property by the foot frontage for its share of the benefits. In either event the property pays only the cost of the improvement, and the evidence supports the conclusion that each piece of property, and that of the appellant in particular, is benefited to the extent of the cost to him. His deed, subject to a restrictive covenant, is now put on an equal footing with the title of all of his neighbors; he can give immediately all the rights that any of the people upon that thoroughfare can give to purchasers, without the liability of the rights being lessened by the acts of his neighbors; and the evidence shows that he is now holding this particular plot of land at a largely advanced figure over what he demanded before this act was in force. The fact that he can now build upon his lot without the danger of some of his neighbors building in a manner to lessen the value of his premises is an advantage to him; his title is just as free from limitations to-day as that of any man upon this portion of Clinton avenue; and to say that this is no advantage; that it is of no advantage to him to have his premises in a growing residential portion of the city put on an equal basis with all others, and to have an easement in the premises of his neighbors—a right to prevent them from making any use of their premises except such as is guarantied to all the other owners—is unreasonable.

A careful examination of this question persuades us that the result reached by the commissioners is correct—that substantial justice has been done; and, as it does not appear that any erroneous principle has been adopted, or that the commissioners have acted from any improper motives, the order confirming their report should be affirmed.

The order appealed from should be affirmed, with costs. All concur.